**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3862-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD BUSBY, JR.,

     Defendant-Appellant.

_____

          Submitted January 14, 2026 – Decided March 4, 2026

          Before Judges Smith and Jablonski.

          On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 16-03-0454.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the briefs).

          Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Richard Busby, Jr. appeals from a Law Division order denying his application for post-conviction relief ("PCR") without an evidentiary hearing. After reviewing the record, our prior opinion, and controlling precedent, we affirm.

I.

Defendant was indicted for multiple crimes stemming from a home invasion and a homicide that occurred in Freehold on July 31, 2011. Those offenses included conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; armed robbery, N.J.S.A. 2C:15-1; aggravated arson, N.J.S.A. 2C:17-1(a); felony murder, N.J.S.A. 2C:11-3(a)(3); attempted murder, N.J.S.A. 2C:2C:5-1 and N.J.S.A. 2C:11-3; unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1).

Following a September 2018 trial, defendant was convicted of armed robbery, felony murder, and attempted murder. He was acquitted of the weapons and arson charges. The State dismissed the conspiracy and certain persons offenses. State v. Busby, No. A-2501-18 (App. Div. March 16, 2022) (slip op. at 3).

A-3862-23

Testimonial evidence established that co-defendants Ellis Goodson, Jeffrey Mayhue, and Ranu Sinha initially planned to burglarize the residence of Michael Conway, a known drug dealer, to steal cash and marijuana. Ibid. Goodson, who agreed to act as driver for Mayhue and another participant, testified that Mayhue recruited defendant as a replacement. Ibid.

On the evening of July 30, 2011, Goodson, Mayhue, and defendant traveled together to Sinha's residence for final planning and then proceeded to Conway's house. Ibid. Goodson observed a firearm in Mayhue's possession during the drive, although he did not notice defendant directly observe the weapon. Ibid.

At approximately 11:30 p.m., Goodson dropped Mayhue and defendant into a field near Conway's home. Id. at 4. Goodson periodically drove past the residence until the early morning hours but saw nothing unusual. Ibid. At about 7:00 a.m., Mayhue contacted Goodson, stating "something bad happened," and instructed him to meet in Newark. Id. at 5.

Cheri Plamondon, Conway's girlfriend, testified that she and Conway were sleeping when intruders entered their home, zip-tied both victims, and demanded money and car keys. Ibid. Plamondon believed there were two males involved. Ibid. During the robbery, Conway struggled with one

A-3862-23

assailant and was shot, which later resulted in his death. Id. at 5-6. Plamondon also described how the intruders poured gasoline in the bedroom and ignited a fire. Id. at 6. She was able to escape. Id. at 7.

Investigation revealed a flammable liquid was used to start the fire with Conway's body discovered in the burned residence. Ibid. Video surveillance showed Mayhue and another, less stocky individual, approaching the house. Ibid. Gardening gloves recovered from Conway's stolen car contained Conway's blood and a Band-Aid that contained defendant's DNA. Id. at 7-8. Pawn shop records documented both Mayhue and defendant selling jewelry that belonged to Plamondon shortly after the incident. Id. at 8-9.

After the State rested its case, defendant brought a Reyes[1] motion seeking a judgment of acquittal. The trial court denied that application. The court found that substantial evidence—testimonial, physical, and circumstantial—supported the armed robbery, felony murder, and attempted murder charges, including defendant's physical presence, his participation in the planning, possession of stolen items, and DNA evidence. At defendant's request and over the State's objection, the court charged the jury with the affirmative defense for felony murder, N.J.S.A. 2C:11-3(a)(3)(a) to (d).

---

[1] State v. Reyes, 50 N.J. 454, 458-59 (1967).

A-3862-23

The jury convicted defendant of a lesser-included count of second-degree robbery, first-degree felony murder, and first-degree attempted murder. The trial judge merged the robbery with the felony murder conviction and sentenced defendant to a thirty-year prison term with a thirty-year parole disqualifier to be served consecutively to an extended term of thirty-years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant challenged his conviction on appeal and specifically argued the court erred in denying defendant's motion to dismiss the felony murder count under Rule 3:18-1. We affirmed defendant's conviction on appeal. Busby, slip op. at 2. The Supreme Court denied certification. State v. Busby, 252 N.J. 101 (2022).

On September 8, 2023, defendant, representing himself, filed a PCR petition. Assigned counsel supplemented that application on April 14, 2024. Defendant raised the following issues in his application:

> Point One
>
> Defendant's conviction on the charge of armed robbery and felony murder must be reversed as there is not a scintilla of evidence presented that he used a gun or was aware at any time that a gun was being used or was aware at any time that the robbery involved the use of a gun.

I.

Post conviction relief allows for review of the appellate decision affirming the trial court ruling made contrary to Rule 3:18-1. Inferences alone cannot support a conviction for felony murder and armed robbery and the inferences allowed here subvert defendant's due process rights under the [Fourteenth] Amendment.

A.

The decision of the trial court and Appellate Division was clearly erroneous as to the evidence surrounding the defendants knowledge of a gun and use of a gun.

Point Two

An evidentiary hearing is required in this matter to address the factual issues presented.

The PCR judge denied defendant's application without an evidentiary hearing and found that the petition was both procedurally barred and substantively infirm. The judge determined that defendant improperly attempted to relitigate an issue previously considered and rejected by this court on direct appeal. The PCR judge also addressed the merits of defendant's claim and concluded the trial testimony "clearly established" defendant was a willing participant in the robbery because of the ample evidence from which a jury could find defendant was aware Mayhue was armed. The PCR judge also

6

acknowledged that the trial court, over the State's objection, instructed the jury to consider an affirmative defense charge for the felony murder accusation.

Defendant appeals and raises two issues for our consideration.

> Point I.
>
> Defendant's PCR argument that the trial court erred in denying defendant's [Rule] 3:18-1 motion to dismiss the felony murder and armed robbery counts at the conclusion of the State's case, a decision affirmed by this court on direct appeal, was not procedurally barred by [Rule] 3:22-5 as a matter previously adjudicated on the merits.
>
> Point II.
>
> The Appellate Panel's opinion affirming the trial court's denial of [d]efendant's [Rule] 3:18-1 motion on direct appeal was demonstrably erroneous.

## II.

Our Supreme Court recently reaffirmed our role in reviewing PCR petitions: "Our review of a PCR court's factual findings is 'necessarily deferential.' However, we review a PCR court's legal conclusions de novo." State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (citation omitted) (quoting State v. Nash, 212 N.J. 518, 540 (2013)).

The gravamen of defendant's present argument is that the PCR court did not apply our decision in State v. Berisha, 458 N.J. Super. 105 (App. Div.

2019), properly, and that our prior opinion in the current matter affirming the denial of defendant's <u>Reyes</u> motion was "demonstrably erroneous." This, he contends, resulted in a fundamental injustice to him that requires a new trial. We disagree.

Defendant essentially seeks to appeal from an issue already considered and rejected by this court in our prior opinion. Defendant relies on <u>Berisha</u>, in which we acknowledged that a "demonstrably erroneous" determination made in a prior Appellate Division opinion might be sufficient to negate the procedural bar to a PCR under <u>Rule</u> 3:22-5. 458 N.J. Super. at 115.

<u>Rule</u> 3:22-5 bars re-litigation of issues and states "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." However, "<u>Rule</u> 3:22-5's bar to review of a prior claim litigated on the merits 'is not an inflexible command.'" <u>Nash</u>, 212 N.J. at 547 (quoting <u>State v. Franklin</u>, 84 N.J. 516, 528 (2005)).

"[O]ur courts are not powerless to correct a fundamental injustice." <u>Nash</u>, 212 N.J. at 547. A fundamental injustice exists "when the judicial system has denied a 'defendant with fair proceedings leading to a just outcome'

8

or when 'inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice.'" Ibid. (quoting State v. Mitchell, 126 N.J. 565, 587 (1992)). "To succeed on a fundamental-injustice claim, the petitioner must make 'some showing' that an error or violation 'played a role in the determination of guilt.'" Ibid. (quoting Mitchell, 126 N.J. at 587). In essence, the fundamental-injustice standard described in Nash allows courts to vault procedural hurdles when a petitioner would have a meritorious claim but for the procedural bar.

Applying those principles we are satisfied defendant has not been subjected to any fundamental injustice.

First, the issues concerning the sufficiency of the evidence presented by the State to withstand a Reyes challenge were directly addressed on defendant's direct appeal. The plain language of Rule 3:22-5, therefore, requires denial of the PCR petition. See State v. McQuaid, 147 N.J. 464, 484 (1997) ("'Preclusion of consideration of an argument presented in [PCR petition] should be effected only if the issue is identical or substantially equivalent' to that issue previously adjudicated on its merits." (internal citations omitted)). A plain reading of the issue raised before the PCR court was identical to that raised by defendant in his direct appeal.

Second, we reject defendant's premise that our affirmance of the trial court's order denying defendant's <u>Reyes</u> motion was "demonstrably erroneous." In that decision, we considered the jurisprudence that controls a <u>Reyes</u> application, and reviewed the record in light of that standard. We reviewed both the record and the trial court's decision and substantively concluded "the court considered all the presented evidence and, giving all favorable inferences to the State, properly denied the motion for acquittal." On our de novo review here, we arrive at the same conclusion.

Third, the evidence, both direct and circumstantial, and considered as a whole, provides more than sufficient justification to permit the denial of defendant's <u>Reyes</u> motion.

The evidence presented at trial provides sufficient circumstantial support for defendant's robbery conviction. Jewelry belonging to Plamondon was taken during the incident, and she testified that intruders rummaged through her drawers; the stolen jewelry was later sold at a pawn shop near defendant's home by an individual using defendant's photo identification. Conway's car and marijuana were stolen by the intruders with surveillance footage capturing the car leaving the residence, EZ Pass records corroborating its travel northbound that morning, and ultimately, the car was found abandoned near

defendant's home. Inside the car, authorities discovered a glove stained with Conway's blood and a Band-Aid containing defendant's DNA. Surveillance video showed two individuals involved, and Plamondon confirmed hearing two voices and briefly seeing one perpetrator in a dark jumpsuit. Additionally, evidence established that defendant worked in a car garage, his phone traveled a route consistent with the crime, and his identification was used in the sale of the stolen jewelry.

Additionally, there was ample circumstantial evidence to support submitting the felony murder charge to the jury. The medical examiner testified that Conway died from a gunshot wound inflicted during the course of the robbery, and this event was neither remote in time nor place from the robbery itself. Evidence demonstrated that defendant knew a gun would be present prior to entering Conway's home; Mayhue, who had a weapon, told Goodson he had "backup" while in the car with the defendant, and Goodson saw the weapon at that time. Testimony revealed that although defendant briefly left the room after Conway attacked Mayhue, he returned when Mayhue called for help and assisted in separating Conway and Mayhue just before the gun was fired. Plamondon's testimony confirmed that one of the

perpetrators announced he had blood on himself after Conway was assaulted, further linking defendant to the events leading to Conway's death.

To the extent we have not considered any of defendant's remaining claims and arguments, we conclude they do not merit further consideration in a written opinion pursuant to Rule 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division